**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW ALLISON,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　　　　　Defendant. | Case No. 22-cv-0510-BAS-AHG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 5)** |

Before the Court is Defendant's motion brought pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss this action. (Mot., ECF No. 5.) Plaintiff opposes (Opp'n, ECF No. 6), and Defendant replies (Reply, ECF No. 7). Having considered the parties' filings, the Court **GRANTS** Defendant's Motion and **GRANTS** Plaintiff leave to amend.

I.   **BACKGROUND**[1]

In 2019, Defendant issued Plaintiff an unsecured consumer credit card. (Compl. ¶ 24.) In November 2021, Plaintiff defaulted on his credit accounts with Defendant, and Defendant began calling Plaintiff's cellular phone requesting payment. (*Id.* ¶ 26.) Plaintiff

---

[1] The facts are all taken from the Complaint (Compl., ECF No. 1). For the pending Motion, the Court accepts all of Plaintiff's factual allegations as true. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

retained an attorney to represent him on the debts owed to Defendant. (*Id.* ¶ 29.) On December 15, 2021, Plaintiff's attorney prepared and mailed a cease-and-desist letter ("Notice Letter"), stating that Plaintiff was revoking his consent to be called via an automatic telephone dialing system ("ATDS"), that Plaintiff had retained counsel, and that Defendant must stop calling Plaintiff pursuant to the California law. (*Id.*)

The Complaint further alleges, "[D]espite receipt of the December 15, 2021 Letter . . . representatives of WELLS FARGO have continued to call Plaintiff more than one hundred-twenty (120) times since December 15, 2021, on his cellular telephone via the use of an[] ATDS and/or Pre-Recorded Voice message." (*Id.* ¶ 31.) The calls "continue to date, sometimes multiple times per day in rapid succession." (*Id.* ¶ 33.)

Plaintiff filed the Complaint on April 13, 2022, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.14(c). Defendant then filed the present Motion. Defendant argues that the Complaint fails to plausibly allege that Defendant used either an ATDS or an "artificial or prerecorded voice" as required under the TCPA. (Mot. at 1.) Further, Defendant argues that Plaintiff's allegations insufficiently support a RFDCPA claim. (*Id.*) Specifically, Defendant argues that the Complaint lacks (i) sufficient detail with respect to the alleged 120 calls and (ii) allegations that Defendant received Plaintiff's Notice Letter or had actual knowledge of Plaintiff's legal representation. (*Id.* at 1–2.)

## II.  LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). "A Rule 12(b)(6) dismissal may be based on either a 'lack of cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

A complaint must plead sufficient factual allegations to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court, however, need not accept conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citations omitted).

### III. ANALYSIS

#### a. TCPA

To establish a TCPA claim, Plaintiff must allege three elements: (1) Defendant called a cellular telephone number; (2) Defendant used an ATDS or a prerecorded voice to deliver a message; and (3) Defendant did not have the prior consent of Plaintiff. *See* 47 U.S.C. § 227(b)(1)(A)(iii); *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1042–43 (9th Cir. 2012). Here, Defendant argues that Plaintiff has failed to plausibly allege the second element—Defendant used an ATDS or a prerecorded voice. The Court agrees.

##### i. ATDS

The term "automatic telephone dialing system" is defined as "equipment which has the capacity--(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The Supreme Court recently clarified this definition in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021). The Court held that "to qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Id.* at 1167. It is "immaterial" whether a defendant used a program that randomly calls numbers from a pre-compiled and non-randomly generated list. *See Franco*

*v. Alorica, Inc.*, No. 22-cv-5035-DOC-(KESx), 2021 WL 3812872, at *3 (C.D. Cal. July 27, 2021); *Hufnus v. DoNotPay, Inc.*, No. 20-cv-08701-VC, 2021 WL 2585488, at *3–4 (N.D. Cal. June 24, 2021). Thus, Plaintiff's Complaint must plausibly allege that Defendant used a system that dialed numbers from a random or sequential number generator.

Allegations that "merely recite the words of the TCPA or that simply state that the defendant used an ATDS are conclusory." *Watts v. Emergency Twenty Four, Inc.*, No. 20-cv-1820, 2021 WL 2529613, at *3 (N.D. Ill. June 21, 2021). Here, Plaintiff makes several conclusory allegations that Defendant called "via an ATDS." (Compl. ¶¶ 20, 31, 34.) The Court does not accept such conclusory allegations as true in assessing plausibility.

Based on its review of the Complaint, the Court pinpoints two non-conclusory allegations suggesting the use of an ATDS in the Complaint. First, Plaintiff alleges that Defendant called Plaintiff "more than one hundred-twenty (120) times since December 15, 2021." (*Id.* ¶ 31.) Second, Plaintiff alleges that Defendant "continues to call Plaintiff to date, sometimes multiple times per day in rapid succession, which is indicative of a computerized ATDS." (*Id.* ¶ 33.) The frequency and repetitiveness of the phone calls can indicate the use of an ATDS. *See Wilson v. Rater8, LLC*, No. 20-cv-1515-DMS-LL, 2021 WL 4865930, at *2 (S.D. Cal. Oct. 18, 2021) (listing "the number or frequency of messages" as a factor suggesting ATDS).

However, the Complaint also alleges facts that point the other direction. The timing and content of the calls weigh against the plausibility of an ATDS. The Complaint alleges that "agents for WELLS FARGO called Plaintiff multiple times and requested payment" after Plaintiff went into default on his Wells Fargo credit accounts. (Compl. ¶ 26.) These allegations strongly indicate that Defendant obtained Plaintiff's phone number through their prior dealings with him and not through a random or sequential number generator.

In *Franco*, the Honorable David O. Carter of the Central District of California considered a similar fact pattern. 2021 WL 3812872, at *1. There, the plaintiff allegedly owed the defendant a debt, and the defendant was calling to collect. *Id.* at *3. The court reasoned that the plaintiff's connection to the defendant as a debtor heavily weighed against

the plausibility of the defendant using an ATDS: "it would be wildly implausible for Defendant to randomly or sequentially generate phone numbers in the hopes of reaching the Plaintiff-debtor." *Id.* Here too, it is implausible that Defendant would use a randomly or sequentially generated phone number list to attempt to reach their debtors.

Thus, Plaintiff has failed to plausibly allege that Defendant used an ATDS.

### ii. Prerecorded voice

Complaint language that "simply parrots the statute without providing any factual support for the allegations" does not satisfy the plausibility pleading standard. *Resendiz v. Recontrust Co.*, No. 09-cv-1959 DMS (CAB), 2010 WL 1495306, at *3 (S.D. Cal. Apr. 13, 2010); *see also Miranda v. Field Asset Servs.*, No. 11-cv-1514 JLS (JMA), 2012 WL 12846981, at *4 (S.D. Cal. July 16, 2012) (holding that a complaint that "merely parrots the words of the statute" fails to carry its pleading burden). Here, the Complaint does just that. It alleges that Defendant used "an automated or prerecorded voice as that term is defined in 47 U.S.C. § 227(b)(1)(A)." (Compl. ¶ 20.) The Complaint reiterates that allegation several more times but fails to add detail or expand upon it. (*Id.* ¶¶ 34, 35, 54.) Again, these allegations are legal conclusions, and therefore, the Court does not accept them as true in assessing plausibility.

Plaintiff argues in his Opposition that the use of a "prerecorded voice" is self-defining but offers no legal authority in support. The Court disagrees. "Threadbare recitals" of the TCPA elements are insufficient. *Iqbal*, 556 U.S. at 678. Other district courts have outlined examples of non-conclusory factual allegations supporting a prerecorded or artificial voice:

> Allegations that may support an inference that a call was prerecorded may include 1) a delay before hearing the message, 2) calls ending with a beep, 3) instructions to call a 1-800 number, 4) an unusual phone number or short code instead, 5) a robotic voice on the other end, or 6) the absence of anything specific to the person being called.

*Smith v. Am.-Amicable Life Ins. Co.*, No. CV 22-333, 2022 WL 1003762, at *2 (E.D. Pa. Apr. 4, 2022) (collecting cases). Stated plainly, it is "not unreasonable" to require a plaintiff

"to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via the [ATDS]." *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012). Here, Plaintiff has provided only conclusory allegations, and therefore, has failed to plausibly allege a prerecorded or artificial voice under the TCPA.

### b. RFDCPA

California's RFDCPA prohibits certain tactics from creditors of consumer debt. The statute reads:

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices: . . . Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by the attorney with respect to the consumer debt and the notice includes the attorney's name and address and a request by the attorney that all communications regarding the consumer debt be addressed to the attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply if prior approval has been obtained from the debtor's attorney, or if the communication is a response in the ordinary course of business to a debtor's inquiry.

Cal. Civ. Code § 1788.14. Two elements are at issue here: (1) whether Defendant "initat[ed] communications . . . with the debtor" and (2) whether "the debt collector has been previously notified in writing by the debtor's attorney." *Id.* Defendants argue that the Complaint lacks critical allegations. (Mot. at 1–2.) The Court concludes that the Complaint adequately alleges that Defendant initiated communication with Plaintiff after the date of the Notice Letter, but it does not adequately allege that the Notice Letter provided actual notice to Defendant.

### 1. Defendant's Communications with Plaintiff

Defendant argues that the Complaint insufficiently alleges that Defendant initiated communications with Plaintiff after receiving notice of attorney representation. (Mot. at

12.) Defendant points out that the Complaint lacks specific dates or times of the alleged communications, but Defendant cites no legal authority suggesting that specific dates and times are necessary to plausibly state a claim. (*Id.*; Reply.) The Complaint alleges that Defendant called plaintiff over 120 time since December 15, 2021, the date of the Notice Letter. (Compl. ¶ 34.) Although the Complaint omits some details, the Court can plausibly infer that Defendant "initat[ed] communications . . . with the debtor." Cal. Civ. Code § 1788.14(c).

### 2. Actual Notice

"To show [that a defendant] violated Section 1788.14(c), [a plaintiff] must establish that [the defendant] had 'actual knowledge' that she was represented by an attorney." *Jackson v. First Nat'l Bank*, No. cv 20-1295 DSF (JCX), 2022 WL 423440, at *3 (C.D. Cal. Jan. 18, 2022). Defendant asserts that the Complaint fails to establish Defendant's "actual knowledge" of attorney representation. (*Id.* at 11.) Defendant points out that the Complaint does not identify the address to which Plaintiff's attorney sent the Notice Letter. (*Id.* at 12.) Further, there are no allegations indicating that Defendant received the Notice Letter, such as the mail tracking information or any subsequent acknowledgement of the representation. (*Id.* at 12.) Plaintiff counters by distinguishing the authority cited in Defendant's brief. (Opp'n at 6–8.)

The RFDCPA does not "require that an attorney use 'magic words' when informing a debt collector about his or her representation of a debtor." *Camacho v. Jefferson Cap. Sys., LLC*, No. 14-cv-02728-BLF, 2015 WL 3454070, at *4 (N.D. Cal. May 29, 2015). And more broadly, there is no exact formula for pleading actual notice. In some cases, the plaintiff will attach a notice letter as an exhibit. *James v. Chase Bank USA, N.A.*, No. 08-cv-2220 W(POR), 2009 WL 9053207, at *3–4 (S.D. Cal. Sept. 29, 2009) (citing plaintiff's complaint exhibit and denying the defendant's motion to dismiss). In other cases, the complaint includes allegations regarding a notice letter's tracking information. *Jackson*, 2022 WL 423440, at *1 (noting that the plaintiff sent the notice letter via United State

Postal Service certified mail and that the letter arrived on a particular date). But to state a claim, a plaintiff must allege more than merely mailing a letter.

In *Wright v. USAA Savings Bank*, the plaintiff included a notice letter's postal address in the complaint. No. 2:19-cv-00591-WBS-CKD, 2020 WL 2615441, at *1 (E.D. Cal. May 22, 2020). But the creditor-defendant did not receive mail at that address and had never provided it to the plaintiff as a return address. *Id.* After noting that "the choice of address appears to be a part of plaintiff counsel's legal strategy," the court held that the complaint did not adequately allege actual notice and granted the defendant's motion to dismiss. *Id.* at *5. Thus, the issue in *Wright* turned on the postal address that the plaintiff's counsel used.

In this case, without at least identifying a proper mailing address, the Court cannot plausibly infer that Defendant received the Notice Letter. Although Plaintiff need not remove all doubt that Defendant had actual notice, Plaintiff must make allegations that allow the Court to infer that Defendant had actual notice. Alleging that Plaintiff's attorney sent the Notice Letter is insufficient.

## IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion to Dismiss (ECF No. 5) and dismisses the action without prejudice. Furthermore, the Court **GRANTS** Plaintiff leave to amend. If Plaintiff wishes to file an Amended Complaint, he must do so no later than **November 7, 2022**.

IT IS SO ORDERED.

DATED: October 17, 2022

Hon. Cynthia Bashant
United States District Judge