Ahren A. Tiller Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026
Email: Ahren.Tiller@blc-sd.com

Attorneys for Plaintiff
MATTHEW ALLISON

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW ALLISON,<br>Plaintiff,<br>vs.<br>WELLS FARGO BANK, N.A.,<br>Defendant, | Case No.: 3:22-cv-00510-BAS-AHG<br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32); AND (2) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)**<br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. MATTHEW ALLISON (hereinafter referred to as "Plaintiff"), by and through his Counsel of record, brings this action against WELLS FARGO BANK, N.A. (hereinafter referred to as "WELLS FARGO" or "Defendant"), pertaining to actions by Defendant to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Automated Telephone Dialing System ("ATDS") and/or Artificial or Prerecorded Voice in violation of

the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" [Cal. Civ. C. §§ 1788-1788.32]), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others. The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[1] Cal. Civ. Code § 1877.17 incorporates the FDCPA into the RFDCPA, by stating that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

3. The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an

---

[1] CA Civil Code §§ 1788.1(a)-(b)

invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13. See also, *Mims,* 132 S. Ct., at 744.

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.
>
> *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012)

6. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding himself, which are made and based upon personal knowledge.

**JURISDICTION AND VENUE**

7. This action is based on Defendant's violations of the RFDCPA found in California Civil Code §§ 1788 - 1788.32; and the TCPA found in Title 47 of the United States Code Section 227, *et seq.*.
8. This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.
9. The unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.32.
10. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy.

11. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California. Furthermore, Defendant regularly conducts business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

## PARTIES

12. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.
13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).
14. On information and belief, Defendant WELLS FARGO is a National Banking Association. Plaintiff alleges that WELLS FARGO is, and at all times mentioned herein was, chartered as a national bank, with its primary business address in San Francisco, CA and doing business throughout the country, including in this District.
15. Defendant WELLS FARGO regularly attempts to collect using mails, electronic communication, and telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).
16. When individuals owe Defendant WELLS FARGO debts for regular monthly payments on consumer loans and credit cards, and other similar obligations, Defendant WELLS FARGO collects on those consumer debts owed to it through the mail, electronic communication, and telephone. Therefore, Defendant WELLS FARGO is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c) and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

17. Defendant is, and all times mentioned herein, was a corporation and "person," as defined by 47 U.S.C. § 153(39).

18. When individuals owe WELLS FARGO debts for regular monthly payments on consumer loans and credit cards, and other similar obligations, WELLS FARGO collects on those consumer debts owed to them using the mail, electronic communication, and the telephone. Therefore, WELLS FARGO is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c) and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

19. Cal. Civ. Code § 1877.17 states that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

20. At all times relevant hereto, Defendant used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff's cellular telephone using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

21. Defendant is, and all times mentioned herein, was a corporation and "person," as that term is defined by 47 U.S.C. § 153(39).

22. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a "consumer credit transaction." Thus, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

23. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

24. Over three (3) years ago, Plaintiff was issued an unsecured consumer credit card by Defendant. The credit card was taken out for, and used for, personal and household expenses.
25. Plaintiff made payments toward his WELLS FARGO credit card when he took it out and continued making regular monthly payments and maintained good standing on all his WELLS FARGO accounts until approximately November of 2021, when unfortunately, Plaintiff fell on financial hardship and was unable to maintain the regular monthly payments.
26. Upon going into default on his WELLS FARGO credit accounts, agents for WELLS FARGO called Plaintiff multiple times and requested payment using an ATDS and/or a Recorded Voice, often as many as twice per day, sometimes every day.
27. The collection calls were made to Plaintiff's cellular telephone.
28. Plaintiff sought out and retained an attorney to represent his with regards to the debts allegedly owed to WELLS FARGO.
29. On December 15, 2021, an associate attorney at BLC Law Center, APC drafted and mailed a Cease-and-Desist letter, whereby Plaintiff's Attorney stated in writing that Plaintiff was revoking consent to call his via the use of an ATDS, that Plaintiff had retained Counsel, and that WELLS FARGO needed to cease calling Plaintiff pursuant to the RFDCPA ("Letter"). The Letter referenced the last four digits of Plaintiff's social security number next to his name to help WELLS FARGO identify the Plaintiff's account.
30. The Letter informed WELLS FARGO that Plaintiff was represented by Counsel and thus constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any and all debts allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding this alleged consumer debt must be directed exclusively to Plaintiff's attorney, and the Letter clearly revoked any prior

consent to contact Plaintiff via the use of an automated dialing system phone, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

31. The December 15, 2021, Letter was sent via Docsmit. Docsmit is a third-party company with no relation to Plaintiff or his Counsel. Docsmit's sole business is the sending of mail on behalf of customers. Docsmit provides a certificate of mailing and identifies the exact time a letter was sent.

32. Docsmit sent the December 15, 2021, letter to:

    Wells Fargo Card Services
    P.O. Box 51193
    Los Angeles, CA 90051-5493.

33. The December 15, 2021 Letter was submitted by Plaintiff's Counsel on December 15, 2021 at 5:01 p.m. Docsmit's certificate of mailing reflects that Docsmit sent the Letter via USPS First Class mail on December 17, 2021 at 1:18 p.m. PST. Included with the certification of mailing, Docsmit stated:

"*The information herein is certified by Docsmit.com, Inc. ("Docsmit") to be true and accurate as of the date and time this report was generated. All of the records relating to this communication were made at times proximate to those indicated. Docsmit has not permitted any of the parties hereto to modify the records*."

34. An image of the December 15, 2021, Letter is included herein:

**Docsmit!** # Certification

## Mailing ID: 217634

**Account:** brett.bodie@blc-sd.com

**Return Address:**
BLC Law Center, APC
1230 Columbia St
Ste. 1100
San Diego, CA 92101

**Accepted:** 12/15/21, 8:01 PM (EST-05:00)

**Recipient(s):**
Wells Fargo Card Services
P.O. Box 51193
Los Angeles, CA 90051-5493

Service: USPS First Class, #10 Envelope
Production Status: Mailed - 12/17/21, 4:18 PM (EST-05:00)

**Enclosed Content:**
Document 1 (2 Pages)
**Total: 1 File with 2 Pages**

**The information herein is certified by Docsmit.com, Inc. ("Docsmit") to be true and accurate as of the date and time this report was generated. All of the records relating to this communication were made at times proximate to those indicated. Docsmit has not permitted any of the parties hereto to modify the records.**

**Mail tracking information is from the United States Postal Service. Times therein are believed to be expressed in the time zone local to those events. DDS Delivery tracking times are in the time zone local to those events. All other times (unless otherwise indicated) are expressed in Greenwich Mean Time which may not be the local time of sender or recipient.**

Brian J. McGoldrick, Esq.
Ahren A. Tiller, Esq.
Carolina K. Tiller, Esq.

BLC
LAW CENTER
A Professional Corporation
1230 Columbia St., Ste. 1100
San Diego, CA 92101
(619) 894-8831
www.blclawcenter.com

Gabriel P. Hanna, Esq.
Brett. F Bodie, Esq.
Anika M. Renaud-Kim, Esq.

December 15, 2021

*SENT VIA US MAIL TO:*
Wells Fargo Card Services
P.O. Box 51193
Los Angeles, CA 90051-5493

**Re: Matthew Allison– Last 4 SSN x2946**

**Letter of Representation / Cease and Desist Letter**

TO WHOM IT MAY CONCERN:

Please be advised that Matthew Allison (hereinafter as "Client") has retained BLC Law Center, APC to represent our Client with respect to any debt(s) serviced by and/or owed to Wells Fargo ("Creditor"), and that this letter serves to inform you to end all further creditor communication with our Client and direct all further communications to our office.

Demand is now made pursuant to Cal. Civ. Code §§ 1788.14 and 1788.17 incorporating 15 U.S.C. § 1692 that you cease and desist any and all future communications on any and all accounts associated serviced by Creditor and/or owed to Creditor by our Client. This letter constitutes written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that our Client is represented by BLC Law Center, APC with respect to any debt allegedly owed to or serviced by Creditor, and request is hereby made that all communications regarding this alleged consumer debt shall be directed exclusively to BLC Law Center, APC at the address and/or telephone number listed above subsequent to receipt of this letter. In the event you are unfamiliar with Cal. Civ. Code §§ 1788.14(c), the relevant text of Cal. Civ. Code §§ 1788.14(c)is below:

> 1788.14. No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> *(c) Initiating communications, other than statements of account, with the debtor*

> *with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.*

Further, be advised that you are additionally prohibited from any contact, directly or indirectly, with any employer, family member, friend, neighbor, or other creditor of our Client. Please also be advised that if it was not already clear, any alleged consent given by our Client to be contacted by Creditor in any way is hereby revoked. If you are using an automated telephone dialing system or similar automated telephone device, this is express revocation of any prior consent to be contacted by phone, text, or other method, including but not limited to calls with a pre-recorded or automated voice message. Lastly, if you believe any arbitration provision applies to the debt at issue, please let this letter serve as a formal request to opt-out of arbitration by our Client.

Since you have now been formally noticed as required by law, any future communications in any form with our Client, without express written consent will constitute willful violations of either the FDCPA and/or the RFDCPA and may subject Creditor(s) to actual damages, statutory penalties, attorney fees, and costs.

Please feel free to direct any questions or concerns to the undersigned at the contact information above.

Brett F. Bodie, Esq.
Attorney at Law
BLC Law Center, APC

35. The address the December 15, 2021, Letter was sent to is the address for correspondence for credit card accounts identified on Wells Fargo's website:




36. Wells Fargo did receive the December 15, 2021, Letter.

37. Despite receipt of the December 15, 2021, Letter referenced above which states that Plaintiff had revoked consent to be called via an ATDS and had retained counsel regarding the subject debts, representatives of WELLS FARGO have continued to call Plaintiff more than one hundred-twenty (120) times since December 15, 2021, on his cellular telephone via the use of and ATDS and/or Pre-Recorded Voice message.

38. Plaintiff alleges that Wells Fargo called Plaintiff in excess of one hundred-twenty (120) times based on his recollection of the frequency of calls, as well as the records of calls that he has in his possession.

39. Wells Fargo called Plaintiff from the following numbers:

800-242-0013

800-272-1514

800-241-0013

40. Examples of the many calls from Wells Fargo are included herein:










41. Defendant has called Plaintiff over one hundred-twenty (120) times in total, after receipt in writing of notice that Plaintiff revoked any prior consent to call Plaintiff via the use of an ATDS and/or Recorded Voice, had retained Counsel for any debts owed to WELLS FARGO, and after providing an explicit warning that all direct contact with Plaintiff should cease pursuant to the RFDCPA.

42. Plaintiff has in his possession pre-recorded voice messages left by Defendant on his voicemail. The pre-recorded messages were left in a female computerized voice, and state:

*Hello, please check your credit card account for an important message from Wells Fargo. You may access your account online at www.wellsfargo.com, or from your mobile device at www.wf.com. You may also download the Wells Fargo app to have access to your account at any time. We are here to help, if you have questions please call us at 1-866-941-6752. We look forward to hearing from you.*

43. Despite having received Plaintiff's December 15, 2021, Letter sent to Defendant's address for correspondences, WELLS FARGO continued to call Plaintiff up through the date this Complaint was served. Defendant called Plaintiff multiple times per day in rapid succession, which is indicative of a computerized ATDS.

44. WELLS FARGO, or its agents or representatives, have contacted Plaintiff on his cellular telephone over one hundred-twenty (120) times since December 15, 2021, including using an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

45. Many of the Defendant's calls to Plaintiff after receiving the letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

46. The multiple calls made by Defendant or its agents after December 15, 2021, were therefore made in violation of 47 U.S.C. § 227(b)(1).

47. Despite receipt of Plaintiff's Attorney's Letter sent to Defendant's mailing address, instructing Defendant to cease calling Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, which provided irrefutable notice that Plaintiff had revoked consent to call his cellular telephone by any means and that he had retained Counsel regarding these alleged debts, Defendant WELLS FARGO continues to contact Plaintiff repeatedly to date.

## CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

## Violations of California Rosenthal Fair Debt Collection Practices Act

## (California Civil Code § 1788.14(c))

48. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

49. When Plaintiff's Counsel sent the December 15, 2021, cease-and-desist letter to WELLS FARGO, Defendant WELLS FARGO was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

50. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

51. By calling Plaintiff on his cellular phone over one hundred-twenty (120) times after receipt of the December 15, 2021, Letter from Plaintiff's Counsel, WELLS FARGO violated Cal. Civ. Code §1788.14(c).

52. As a result of the constant collection calls by WELLS FARGO, Plaintiff has experienced anxiety, irritability, and has at times been unable to calm down as the constant and harassing collection calls by WELLS FARGO are overwhelming. Therefore, Plaintiff has suffered emotional distress as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

53. Further, as stated previous, Cal. Civ. C. § 1788.17 incorporates the FDCPA into

the Rosenthal Fair Debt Collection Practices Act, therefore if an individual violated 15 U.S.C. § 1692(d), they in turn violate the RFDCPA.

54. 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5)Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number

55. Therefore, Defendant's acts of calling Plaintiff over one hundred-twenty (120) times was a separate violation of 15 U.S.C. § 1692d(5), which is incoporated into the RFDCPA via Cal. Civ. C. § 1788.17.

## II.

## SECOND CAUSE OF ACTION

## Negligent Violations of the TCPA

## (47 U.S.C. § 227 Et. Seq.)

56. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

57. Through the December 15, 2021, Letter sent by Plaintiff's Counsel, Plaintiff revoked any alleged consent for WELLS FARGO or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

58. The foregoing acts and omissions of WELLS FARGO constitutes numerous and multiple negligent violations of the TCPA, including but not limited to every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

59. As a result of WELLS FARGO's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

60. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

**III.**
**THIRD CAUSE OF ACTION**
**Knowing and/or Willful Violations of the TCPA**
**(47 U.S.C. § 227 Et. Seq.)**

61. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.
62. Through the December 15, 2021, Letter sent by Plaintiff's Counsel to WELLS FARGO's corporate headquarters, Plaintiff revoked any alleged consent for the WELLS FARGO or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.
63. The foregoing acts of the WELLS FARGO constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*
64. Therefore, since WELLS FARGO or its agents or representatives continued to call Plaintiff despite indisputably being informed not to call Plaintiff that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, WELLS FARGO's acts were willful.
65. As a result of WELLS FARGO's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages for every one of WELLS FARGO's over one hundred-twenty (120) knowing and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).
66. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant WELLS FARGO herein, respectfully request this Court enter a Judgment against Defendant as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof.
b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b).
c. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c).
d. As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendant's over one hundred-twenty (120) negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B).
e. As to the Second Cause of Action, injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);
f. As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of Defendant's over one hundred-twenty (120) knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C).
g. For such other and further relief as the Court may deem just and proper.

Dated: November 7, 2022 By: BLC Law Center, APC

*s/ Ahren A. Tiller*
Ahren A. Tiller, Esq.
Attorney for Plaintiff
MATTHEW ALLISON
Email: ahren.tiller@blc-sd.com

**DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by jury.

Dated: November 7, 2022 By: BLC Law Center, APC

*s/ Ahren A. Tiller*
Ahren A. Tiller, Esq.
Attorney for Plaintiff
MATTHEW ALLISON
Email: ahren.tiller@blc-sd.com